## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JOANN BLANCK,**

       **Plaintiff**

                              **CASE NO.**

       **v.**

**GREYSTONE HEALTHCARE
MANAGEMENT CORP., Foreign
Profit Corporation,**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOANN BLANCK (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against GREYSTONE HEALTHCARE MANAGEMENT CORP (hereinafter referred as "GREYSTONE" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); the Age Discrimination in Employment Act ("ADEA"); and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to

be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.    This is an action at law that raises a federal question under federal law.

2.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3.    The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.    Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.    Plaintiff was an employee of Defendant from approximately July 1, 2018 to December 2019.

6.    Plaintiff was employed by Defendant and worked in Orlando, Florida.

7.    Defendant is a Foreign for Profit Corporation which operates throughout Florida.

8.    Plaintiff was an "employee" as defined by the ADAAA.

9. Defendant is an "employer" as defined by the ADAAA.

10. Defendant is an "employer" as defined by the ADEA.

11. Plaintiff was an "employee" as defined by the ADEA.

## ADAAA STATUTORY PREREQUISITES

12. At all times material hereto, Plaintiff suffers from coronary artery disease ("CAD"), a disabling condition under the ADAAA.

13. Because of his condition, Plaintiff suffered a heart attack, which required heart surgery.

14. Plaintiff was discriminated against based on her disability.

15. Plaintiff is a member of a class of individuals protected by the ADAAA.

16. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

17. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

18. At all times material to the allegations herein, Plaintiff was qualified for her Corporate Director position with Defendant.

19. Plaintiff timely filed his Charge of Discrimination with the EEOC on June 22, 2020.

20. The EEOC issued a Dismissal and Notice of Rights on November

5, 2021.

21.    Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

22.    Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## ADEA STATUTORY PREREQUISITES

23.    Plaintiff is currently fifty-seven years of age.

24.    Plaintiff was discriminated against based on her age.

25.    Plaintiff is a member of a class of individuals protected by the ADEA.

26.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADEA.

27.    Plaintiff meets the statutory criteria for coverage as an "employee" under the ADEA.

28.    At all times material to the allegations herein, Plaintiff was qualified for her Corporate Director position with Defendant.

29.    Plaintiff timely filed her Charge of Discrimination with the EEOC on June 22, 2020.

30.    The EEOC issued a Dismissal and Notice of Rights on November 5, 2021.

31.     Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

32.     Plaintiff has complied with all other ADEA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

33.     Plaintiff began her employment with Defendant on or about July 1, 2018, as a Corporate Director and remained in that position until her termination on December 2, 2019.

34.      At all times material, Plaintiff performed well while working for Defendant.

35.     Plaintiff is a qualified individual with a disability.

36.     Plaintiff is an individual over 40.

37.     During her tenure with Respondent, Plaintiff satisfactorily performed the duties of her position in a competent manner.

38.     Respondent subjected Plaintiff to disparate treatment because of her disability or because Respondent perceived her as disabled.

39.     On or about February 2019, Plaintiff suffered a heart attack as a result of her disability.

40.     Despite Plaintiff's stellar performance record with Respondent, her direct supervisor, Ms. Amber Lawhorn, and other decision-making individuals employed by Respondent retaliated against her by subjecting her

to different terms of employment as a result of the hostile and discriminatory environment Respondent subjected Plaintiff to on a regular basis.

41.    For instance, Respondent openly mocked Plaintiff by calling her a member of a "protected class" because of her heart condition.

42.    Respondent also mocked Plaintiff by calling her a member of a "protected class" because of her age.

43.    Following her complaints of discrimination, Respondent retaliated against Plaintiff by taking frivolous disciplinary action against Plaintiff.

44.    Respondent has failed to follow its own policies and procedures regarding employee discipline and suspended Plaintiff in December 2019.

45.    In further retaliation against Plaintiff because she exercised her rights, Respondent terminated her employment on or about December 2019.

46.    At all times material hereto, Plaintiff suffered from a heart attack, which required heart surgery.

47.    Plaintiff notified her supervisors about her medical conditions.

48.    Plaintiff had been an employee in good standing until the end of her employment.

49.    Defendant refused to accommodate Plaintiff.

50.    At the time of her termination, Plaintiff was qualified for her position.

51.    Additionally, at the time of her termination, Plaintiff was able to

perform the essential functions of her job, with or without accommodation.

52.    At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

53.    Plaintiff was treated differently than similarly situated non-disabled employees.

54.    Defendant discriminated against Plaintiff because of her medical condition.

55.    Defendant terminated Plaintiff because of her medical condition.

56.    Plaintiff was over 40 years of age during her employment with Defendant.

57.    Defendant discriminated against Plaintiff because of her age.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

58.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9, 12-22, 33-35, 37-41, and 43-55 above as if fully set forth herein.

59.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

60.    Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

61.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an

undue hardship to Defendant.

62.     Defendant denied Plaintiff reasonable accommodation as required by Federal law.

63.     Plaintiff is protected by the ADAAA:

a.     Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

b.     Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

64.     Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

65.     Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

66.     Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

67.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

68.     Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

69.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

70.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

71.     Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

72.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a member of a protect class as envisioned by the ADA.

73.     Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

74.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

75.     The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

76.     The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other

non-pecuniary losses.

77.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

78.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

79.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-9, 12-22, 33-35, 37-41, and 43-55 above as if fully set forth herein.

80.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

81.    Plaintiff was retaliated against by the Defendant due to her disability in violation of Federal law.

82.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

83.    Defendant denied Plaintiff reasonable accommodation as required by Federal law.

84.    Defendant terminated Plaintiff because she took necessary time off while hospitalized due to her disability.

85.    Defendant terminated Plaintiff in violation of the ADAAA.

86.    Plaintiff is protected by the ADAAA:

a.    Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

87.    Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

88.    Plaintiff's medical condition is a protected disability under the

ADAAA, as amended. *See* 42 U.S.C. § 12102.

89.     Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

90.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

91.     Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

92.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

93.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

94.     Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

95.     Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a member of a protected class as envisioned by the ADA.

96.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

97.     The retaliation to which Plaintiff was subjected was based on she disability and/or "perceived disability."

98.     The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

100.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

101.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 10-11, 23-34, 36-37, 40, 42-45, 48-52, and 56-57 above as if fully set forth herein.

102.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

103.   Plaintiff is fifty-seven years of age and a member of a protected class.

104.   Plaintiff was qualified for her most recent position with Defendant.

105.   Plaintiff was subjected to the adverse employment action of being terminated.

106.   Plaintiff was treated less favorable than younger, similarly situated employees.

107.   Defendant discriminated against Plaintiff because of her age.

108.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her age.

109.   The discrimination to which Plaintiff was subjected was based on her age.

110.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

111.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

112.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

113.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

114.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

**COUNT IV**
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

115.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 10-11, 23-34, 36-37, 40, 42-45, 48-52, and 56-57 above as if fully set forth herein.

116.   Plaintiff is fifty-seven years of age and a member of a protected class.

117.   Plaintiff was qualified for her most recent position.

118.   Plaintiff was subjected to the adverse employment action of being terminated.

119.   Plaintiff was treated less favorable than younger, similarly situated employees.

120.   Defendant discriminated against Plaintiff because of her age.

121.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of her age.

122.   The discrimination to which Plaintiff was subjected was based on her age.

123.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

124.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

125.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

126.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

127.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

      a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT V
## HANDICAP DISCRIMINATION IN VIOLATION OF THE FCRA

128.  Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 33-35- 37-41, 43-55 above as if fully set forth herein.

129.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

130.  Plaintiff has a heart condition and a member of a protected class.

131.  Plaintiff was qualified for her most recent position with Defendant.

132.  Plaintiff was subjected to the adverse employment action of being terminated.

133.  Plaintiff was treated less favorable than healthy, similarly situated employees.

134. Defendant discriminated against Plaintiff because of her handicap.

135.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her handicap.

136.   The discrimination to which Plaintiff was subjected was based on her handicap.

137.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

138.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

139.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

140.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

141.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## COUNT VI
## HANDICAP RETALIATION IN VIOLATION OF FCRA

142.   Plaintiff realleges and adopts allegations contained in paragraphs 1-7, 33-35- 37-41, 43-55 above as if fully set forth in this Count.

143.   Plaintiff engaged in statutorily protected activity when she requested to be brought back to work.

144.   Plaintiff suffered an adverse employment action when she was terminated.

145.   A causal connection exists between the protected activity and the adverse action.

146.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under FCRA because it treated Plaintiff less favorably because of her medical condition.

147.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

148.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

149.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

150.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to FCRA.

151.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, demands judgment against the Company and requests this Court award damages including:

a. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. Compensatory damages;

e. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. Prejudgment interest, and, if applicable, post-judgment interest;

g. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

h. Provide any additional relief that this Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this ___3rd__ day of February, 2022,

s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff